**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JAMES E. CREAMER, #13975-001,**     ) | |
|         Plaintiff,                    ) | |
|                                       ) | |
| v.                                    ) | 3:06-CV-0513-M |
|                                       ) | |
| **PAUL CERVANTES, et al.,**           ) | |
|         Defendants.                   ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights and Federal Tort Claims Act action brought by a federal prisoner.

Parties: Plaintiff is presently incarcerated within the Bureau of Prison at FCI Seagoville. Defendants are employees of the Bureau of Prison. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: On March 21, 2006, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* (IFP). The certificate of his inmate trust account, attached to his civil rights complaint, indicates that Plaintiff presently has a balance of $1,634, and that during the last six months, he had an average balance of $1390.

Findings and Conclusions: 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, authorizes commencement and prosecution of a civil suit by an indigent litigant "without prepayment of fees and costs." That statute provides in pertinent part as follows:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); Green v. Estelle, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a).

A review of the six-month certified statement submitted by Plaintiff reflects that he is able to pay the $250.00 filing fee associated with this cause of action. As noted above, he presently has a balance of $1,634 in his inmate trust account. Therefore, Plaintiff should be required to pay the $250.00 filing fee and his motion for leave to proceed *in forma pauperis* should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's request to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action unless Plaintiff tenders

the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 28th day of March, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.