IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION

| | | |
|---|---|---|
| JAMES E. CREAMER, #13975-001, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0513-M |
| | ) | |
| PAUL CERVANTES, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on April 28, 2006, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Statement of the Case**: This is a suit for damages brought against the United States, the Federal Bureau of Prisons, the Federal Prison Industries and employees and officials at F.C.I. Seagoville in their official and individual capacities. No process has issued. However, the magistrate judge issued a questionnaire to which Plaintiff filed his answers on June 7, 2006.

**Findings and Conclusions**: James E. Creamer is confined as an inmate at F.C.I. Seagoville serving a life sentence for murder.[1] In his amended complaint he alleges that over a period of time he worked in facilities at various federal prisons during which he was exposed to Albatross, a spot cleaning substance which contained perchloroethylene, without protective gear and under conditions without proper ventilation. As a result of these alleged unsafe conditions he claims to have suffered

---

[1] Plaintiff's conviction was imposed by a Mississippi state court. See Answer to Question No. 1. However, it is not clear why he is serving his sentence in a federal penal institution.

respiratory impairments and kidney and bladder failure. While confined in federal custody he used cleaning fluids beginning in 1984. In 1997 he was transferred to F.C.I. Seagoville where he was assigned a job cleaning trousers and camouflage uniforms. See Attachment 1 to Plaintiff's original complaint filed on March 21, 2006.

Although Creamer paid the required filing fee, his complaint is subject to screening review under the Prisoner Litigation Reform Act. See 28 U.S.C. § 1915 (e)(2).

**Federal Tort Claims Act (FTCA):** It is well established that the exclusive remedy available to a person confined in a federal penal institution for a job-related injury is that provided under 18 U.S.C. § 4126. See e.g. Aston v. United States, 625 F.2d 1210 (5th Cir. 1980) (collecting cases).

**Bivens claims:** Despite a split in the circuit courts, see e.g. Alvarez v. Gonzales, 155 Fed.Appx. 393, 395-96 (10th Cir. 2005) (holding that a Bivens action is barred under § 4126), the Fifth Circuit has held otherwise. See Baker v. Bogan, 67 Fed. Appx. 251 (5th Cir. 2003) and Horton v. Bogan, 64 Fed. Appx. 418 (5th Cir. 2003).

The gravamen of Creamer's claims against Defendants Paul Cervantes, Melvin Ramos, Robert Sanders, Robert Canales and Aaron Leftwich and Dan Joslin, sued in their individual capacities, is that each was deliberately indifferent to the excessive risk to his health and safety in failing to provide adequate safety appliances and ventilation in the garment cleaning facility where he was employed. See Plaintiff's First Amended Complaint at 6-7.

A Bivens action is governed by the applicable state statute of limitations. See Brown v. NationsBank Corp., 188 F.3d 579, 580 (5th Cir. 1999). Under the applicable Texas statute the period of limitations is two years. Id; see also Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998).

In the present case Creamer alleges that the unconstitutional acts and omissions attributed

to Cervantes, Ramos, Sanders and Canales occurred during 2001-2003. See Answer to Question No. 8. "A cause of action accrues under federal law, 'when the plaintiff knows or has reason to know of the injury which is the basis of the action'." Brown v. NationsBank Corp., supra, 188 F.3d at 589-90 (5th Cir. 1998). See also Johnson v. United States, 460 F.3d 626, 621 (5th Cir. 2006) quoting Harrison v. United States, 708 F.2d 1013, 1027 (5th Cir. 1983). "[T]he limitations period begins to run when the plaintiff has 'knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection between the treatment and injury or (b) to seek professional advice and then with that advice, to conclude that there is a causal connection between the treatment and the injury'."

In answer to Question 3 of the magistrate judge's questionnaire Creamer identifies January 16, 2003, as the date he experienced injury from his exposure and June 2003 as being when he first was diagnosed with the condition. See also Plaintiff's supplement to his answers in his letter dated June 7, 2006, with attachments which disclose that he was seen for bladder problems as early as January 17, 2003, the day after he first experienced this condition. The medical records further note the presence of this condition during the succeeding months. Under the law of this circuit his Bivens claims against these defendants accrued no later than June 13, 2003, more than two years prior to the date on which he filed his complaint in this action.

With respect to Defendants Leftwich and Joslin, Plaintiff fails to identify when he advised Leftwich of his injuries or the danger to which he was unreasonably exposed. Similarly he does not identify when he reported his exposure to Joslin other than it occurred sometime in 2003 or 2004, nor does he identify a date on which he no longer worked in the garment cleaning facility. His complaint and additional information fail to allege facts sufficient to allege that either acted with

3

deliberate indifference to a known excessive risk to his health or safety. See Farmer v. Brennan, 511 U.S. 825, 835, 114 S.Ct. 1970, 1979 (1994).

Further, it does not appear that Creamer has exhausted administrative remedies with respect to his Bivens claims. Exhaustion is a condition precedent to a prisoner's suit for damages. See 42 U.S.C. § 1997e; Booth v. Churn, 532 U.S. 731 (2001); Porter v. Nussle. 534 U.S. 516, 524 (2002). This requirement applies to Bivens claims as well. Masterson v. United States, 83 Fed. Appx. 662 (5th Cir. 2003).

Attached to his first amended complaint are copies of documents which Creamer claims constitute exhaustion of administrative remedies. See Exhibits A and C; see also Plaintiff's answers to Questions 9 and 10. Although his claim and appeals allege that his medical condition constitutes a work-related injury, See 28 C.F.R. § 301.102(a), in none of his written statements does he allege that any of the Defendants whom he seeks to hold liable acted with deliberate indifference to a known excessive risk to his health or safety. In Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004), the court addressed the minimum requirements for exhaustion of administrative remedies, noting that a prisoner is not required to identify defendants by name in all instances, "[b]ut, at the same time, the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of problems this will often require, as a practical matter, that the prisoner's grievance identify individuals who are connected with the problem." It is clear that the names of the individual defendants were known to Plaintiff at the time he filed his initial claim on or about October 18, 2004 (Exhibit C, supra) and that he failed to comply with the minimum requirements set down in Johnson v. Johnson. Therefore, he has failed to exhaust administrative remedies as a condition precedent to

his Bivens claims.

**18 U.S.C. § 4126**: The statute provides two types of compensation for an inmate who suffers a job-related injury. See 28 C.F.R. § 301.101(a) and (b). The compensation authorized under subpart a "is intended, like civilian workmen's compensation laws, to supplement lost wage capacity when the prisoner returns to the economic community; and therefore cannot be practically determined until near the release date." Thompson v. United States, Federal Prison Industries, 492 F.2d 1082, 1083 (5th Cir. 1974) (emphasis added). § 301.303 (a) requires such a claim to be filed not more than 45 days prior to the inmate's release date nor less than 15 days prior thereto. See also §301.301(a). No compensation is available when an inmate has fully recovered from his work-related injury prior to his release from custody. See Granade v. United States, 356 F.2d 837 (2nd Cir. 1966) cert. denied 385 U.S. 1012 (1967).

As noted above, Creamer is serving a life sentence. It is self-evident by the fact that he remains in custody as of the present date that his administrative claim filed on October 18, 2004, did not comply with the applicable regulations.[2]

§ 301.101(b) provides for a means for recovering lost wages for time lost from a work assignment due to a job-related injury. See also Thompson, supra, 492 F.2d at 1084. It does not appear from Creamer's administrative filings that he has ever sought recovery of lost wages. Although he refers to an injury alleged to have occurred on January 18, 2003, which he first reported in October 2004, he fails to identify any period of time during which he was unable to work due to his injury. There is nothing within the four corners of his administrative submissions to put the

---

[2]The final administrative action, to wit: Exhibit A, supra, Response of Harrell Watts, dated August 17, 2005, advised Plaintiff that the Inmate Accident Compensation process was the exclusive means for making a claim for a work-related injury.

5

Bureau of Prisons on notice that he sought to recover lost wages.[3]

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Plaintiff's First Amended Complaint be dismissed.

A copy of this recommendation shall be transmitted to Plaintiff.

SIGNED this 29th day of November, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3]Notwithstanding the review process which took place, it is clear that Creamer did not follow the correct procedure for seeking compensation. See §§ 301.305 - 301.313. See also n. 2, supra.